UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN WESLEY KIMBROUGH, III,

    Plaintiff,

          v.                        CAUSE NO. 3:23-CV-639-JD-SJF

DAWN BUSS, et al.,

    Defendants.

OPINION AND ORDER

John Wesley Kimbrough, III, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding "against Deputy Warden Dawn Buss in her individual capacity for compensatory and punitive damages for retaliating against him by ensuring he remained in solitary confinement for 88 days after he had served his disciplinary sanction, in violation of the First Amendment[.]" ECF 16 at 14. Second, he is proceeding "against Deputy Warden Buss, Unit Team Manager Bane, and Warden Neal in their individual capacities for compensatory and punitive damages for subjecting him to atypical and significant hardships while in segregation for 88 additional days following his term of disciplinary segregation, in violation of the Fourteenth Amendment[.]" *Id.* On October 24, 2024, the defendants filed a motion for summary judgment, arguing Kimbrough did not exhaust his available administrative remedies before filing this lawsuit. ECF 23. With the motion, the defendants provided Kimbrough the notice required by N.D. Ind. L.R. 56-1(f). ECF 26. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. The court extended Kimbrough's deadline to respond until June 6, 2025. ECF 40. This deadline passed over a month ago, but Kimbrough still has not responded. Therefore, the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the

2

claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants provide an affidavit from the Grievance Specialist at Indiana State Prison ("ISP") and Kimbrough's grievance records, which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at ISP which required Kimbrough to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 24-1 at 2. The Offender Grievance Process was available to Kimbrough at all times and he displayed a firm understanding of its requirements, but he never submitted any grievance related to his stay in segregated housing or his claim that Deputy Warden Buss was retaliating against him. *Id.* at 5-7.

The defendants also provide an affidavit from a Unit Team Manager at ISP and Kimbrough's classification records, which show the following facts: Classification decisions, which include housing assignments and changes in security levels, are not

---

[1] Because Kimbrough has not responded to the defendants' summary judgment motion, the court accepts these facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

"grievable" through the Offender Greivance Process and must instead be appealed through the Classification Appeals process. ECF 24-5 at 2.[2] To exhaust the Classification Appeals process, Kimbrough needed to submit a "Classification Appeal" form (State Form 9260) within ten days from the date he received the classification decision he wished to appeal. *Id.* Inmates on restrictive housing status receive reviews of their placement every 7 days for two months and every 30 days thereafter. *Id.* at 3. Kimbrough received reviews of his restrictive housing placement every 7 days from April 7, 2023 to May 26, 2023, and received a 30-day review on June 26, 2023. *Id.* On each occasion, Kimbrough's classification status was upheld and he received and signed a review form, which informed him he could appeal the decision by submitting a Classification Appeal form within ten days. *Id.*; ECF 24-7 at 8, 24-31. Kimbrough was transferred out of segregated housing on July 11, 2023. ECF 24-5 at 4; ECF 24-8. If Kimbrough wished to appeal his stay in restrictive housing, he had the opportunity to appeal after each review. ECF 24-5 at 3. However, Kimbrough never submitted any Classification Appeal form related to his continued stay in segregated housing in 2023. *Id.* at 3-4; ECF 24-7. Therefore, Kimbrough did not exhaust the Classification Appeals process available to him. ECF 24-5 at 4.

---

[2] Kimbrough's first claim against the defendants "for retaliating against him by ensuring he remained in solitary confinement for 88 days after he had served his disciplinary sanction" was likely not "grievable" through the Offender Grievance Process and could only be exhausted through the Classification Appeals process. Kimbrough's second claim against the defendants "for subjecting him to atypical and significant hardships while in segregation for 88 additional days following his term of disciplinary segregation" was likely "grievable" through the Offender Grievance Process. Regardless, it is undisputed Kimbrough did not submit a grievance for either claim.

4

Here, the defendants have provided undisputed evidence Kimbrough did not exhaust his available administrative remedies before filing this lawsuit, as the undisputed evidence shows he never submitted or exhausted any relevant grievance or Classification Appeal form. Kimbrough does not dispute any of this evidence, and does not argue or provide any evidence his administrative remedies were in any way unavailable. Therefore, the defendants have met their burden to show Kimbrough did not exhaust his available administrative remedies before filing this lawsuit. Summary judgment is therefore warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 23); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against John Wesley Kimbrough, III, and to close this case.

SO ORDERED on August 4, 2025

    /s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT